IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RALPH BLEVINS, | CASE NO. 1:22-cv-1135 |
| Petitioner, | DISTRICT JUDGE JAMES R. KNEPP II |
| vs. | |
| OHIO ADULT PAROLE AUTHORITY, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Respondent. | **REPORT & RECOMMENDATION** |

Petitioner Ralph Blevins filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. Blevins is under supervised release and in custody[1] of the Ohio Adult Parole Authority, having served a prison sentence pertaining to convictions and parole revocations in the cases *State v. Blevins*, Cuyahoga County Court of Common Pleas, Case Nos. CR-88-225807-B, CR-98-368194. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Petition be dismissed as time-barred.

**Summary of facts**

In habeas corpus proceedings brought by a person under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28

---

[1] For purposes of 28 U.S.C. § 2254, petitioners are "in custody" when they are incarcerated or under post-release control. *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016).

U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).

The Ohio Court of Appeals for the Eighth Appellate District summarized the facts underlying Blevins's conviction as follows:

> On February 23, 1988, the Ohio Central Credit Union located at 25200 Chagrin Boulevard in Beachwood was robbed. A man carrying a gun handed a teller a brown valise and asked for money. A customer at the credit union, Renee Benning, testified that the man said no one could leave the building because there was another man outside with a gun.
>
> The tellers put about $2,100 cash including bait money into the valise and gave it back to the robber. The robber left. Renee Benning saw the robber walk away, while talking with a second man. Other bank employees saw two men getting into a Monte Carlo. Witnesses identified Blevins as the man getting into the Monte Carlo with the robber. They also saw the license number.
>
> About three hours later, Lieutenant Robert Legg of the Cleveland Police Department saw a 1974 Monte Carlo with the license plate number reported from the Beachwood robbery. Two men, Frank Davis and Ralph Blevins, were in the car. Legg found a brown valise containing $2,150 in cash in the trunk. The cash included the serial numbers of the credit union's bait money.

*State v. Blevins*, No. 58081, 1992 WL 79758, at *1 (Ohio Ct. App. April 16, 1992).

**Procedural background**

*Trial court proceedings*

In April 1988, a Cuyahoga County Grand Jury indicted Blevins on two counts of aggravated robbery with firearm and aggravated-felony specifications, two counts of felonious assault with firearm and aggravated-felony specifications, one count of possessing criminal tools with firearm and violence specifications, and one count of having weapons under a disability with firearm and violence specifications. *Blevins*, 1992 WL 79758, at *1; Doc. 5-1, at 5–10 (Exhibit 1). The trial court appointed Blevins counsel, Doc. 5-1, at 11 (Exhibit 2), and the case proceeded to trial.

During trial, the State dismissed the felonious assault counts and all of the firearm specifications. *Blevins*, 1992 WL 79758, at *1. The jury found Blevins guilty on the remaining counts. *Id.*; Doc. 5-1, at 12–13 (Exhibit 3).

In June 1989, the trial court held a hearing and sentenced Blevins to 10 to 25 years in prison. Doc. 5-1, at 13.

*Direct appeal*

In July 1989, Blevins, through new counsel, appealed to the Ohio court of appeals. Doc. 5-1, at 14 (Exhibit 4). In his brief, Blevins raised the following assignments of error:[2]

> 1. The trial court erred by allowing testimony of Debra Molina to be admitted as substantive evidence as such admission violated the appellant's right to confrontation.

---

2  Blevins's claims are reproduced as written.

3

> 2. The trial court erred and denied the appellant a fair trial by limiting appellant's scope of cross-examination of the state's witnesses in violation of the Ohio Rule of Criminal Procedure 16(b)(1)(g) and his Sixth and Fourteenth Amendment rights to confrontation.
>
> 3. The trial court erred by allowing prejudicial other acts evidence to be heard and reviewed by the jury.
>
> 4. The trial judge erroneously sentenced the appellant to a three year firearm specification pursuant to R.C. 2927.71.

Doc. 5-1, at 28 (Exhibit 5). On April 16, 1992, the Ohio court of appeals affirmed Blevins's convictions, sustained Blevins's sentencing argument, and vacated the trial court's 3-year prison term for the firearm specification. *Blevins*, 1992 WL 79758; Doc. 5-1, at 76–86 (Exhibit 7).

In May 1992, Blevins pro se appealed to the Ohio Supreme Court. Doc. 5-1, at 87 (Exhibit 8). The court granted Blevins an extension to file a jurisdictional memorandum, but Blevins did not file one. *Id*. So in July 1992, the Ohio Supreme Court dismissed his appeal for want of prosecution. *Id*. Blevins filed a motion for reconsideration, which the court denied on September 23, 1992. *Id*.

*Amended Sentencing Entry*

On September 9, 1992, after the Ohio court of appeals' remand order, the trial court vacated Blevins's 3-year prison sentence on the firearm specification. Doc. 5-1, at 99 (Exhibit 9).

4

*May 2017 letter*

In May 2017, the Ohio Department of Rehabilitation and Correction wrote a letter to the Ohio Attorney General's Office responding to "sentence computation information" for Blevins.[3] Doc. 1-3. In the letter, the Department advised the following: after the trial court corrected Blevins's sentence in September 1992, Blevins's sentence was set to expire in March 2013. *Id*. Blevins was paroled in 1995, but from 1999 until 2016 he was "a parole violator at large," so his sentence was then set to expire in April 2030. *Id*. "Blevins committed another crime while under supervision and was admitted to [the Ohio department of Rehabilitation and Correction] on July 18, 2016." *Id*. As a result of a sentence in *that* case, a year was added to his aggregate sentence, which was then set to expire on April 21, 2031. *Id*. The letter also stated that Blevins "was heard by the parole board" in January 2017 and that his next hearing was scheduled for November 2018. *Id*.; *see also* Doc. 5-1, at 270.

*2017 state habeas petition*

On April 26, 2017, Blevins pro se filed in the Trumbull County Common Pleas Court a state habeas corpus petition. Doc. 5-1, at 89 (Exhibit 10), 382 (Exhibit 41). Blevins argued that while he was "incarcerated in the federal penal system the state of Ohio had a detainer placed on [him]" and "illegally stopped the counting of time of [his] Ohio prison sentence." *Id*. at 91–92. As a

---

[3] Blevins attached this letter to his petition. Doc. 1-3. The respondent cites and relies on this letter in its Return of Writ. Doc. 6, at 3–4.

5

result, Blevins alleged, the State of Ohio was holding him past his March 2013 release date. *Id*. at 92. After further filings from both sides, *see id*. at 122 (Exhibit 11), 131 (Exhibit 12), 156 (Exhibit 13), 159 (Exhibit 14), 161 (Exhibit 15), 180 (Exhibit 16), 182 (Exhibit 17), 204 (Exhibit 18), and 208 (Exhibit 19), the trial court on August 3, 2017, dismissed Blevins's petition as "defective on its face" because "Blevins failed to attach the proper commitment papers to the petition …. A fatal flaw to the request sought," *id*. at 213 (Exhibit 20). The court also stated that Blevins "failed to demonstrate that he is entitled to credit for his federal prison time." *Id*.

Blevins timely appealed to the Ohio Court of Appeals for the Eleventh Appellate District and raised this claim:

> The Court of Common Pleas erred in denying Blevins's Motion for Summary Judgment, resulting in a violation of Blevins's right to Due Process under the Fourteenth Amendment of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

Doc. 5-1, at 226 (Exhibit 22). On December 4, 2017, the Ohio court of appeals affirmed the trial court's judgment, agreeing that Blevins's petition was "defective on its face" and that Blevins "has failed to satisfy the basis statutory requirements for bringing a proper habeas action." *Id*. at 271 (Exhibit 25).

On July 29, 2019, Blevins filed in the Ohio Supreme Court an untimely notice of appeal and motion for leave to file a delayed appeal. Doc. 5-1, at 275, 278 (Exhibits 26, 27). On September 17, 2019, the Ohio Supreme Court denied Blevins leave to file a delayed appeal. *Id*. at 290 (Exhibit 29).

6

*2018 state habeas petition*

On August 6, 2018, Blevins filed in the Fairfield County Common Pleas Court a state habeas corpus petition. Doc. 5-1, at 291 (Exhibit 30). Blevins again challenged the computation of his state sentence relevant to the time he spent in the "federal penal system." *Id*. at 294. After further filings from both sides, *see id*. at 319 (Exhibit 31), 336 (Exhibit 32), and 342 (Exhibit 33), the trial court on October 18, 2018, dismissed Blevins's petition because Blevins "failed to submit all relevant commitment documentations as required by [Ohio Revised Code] § 2725.04(D), which is grounds for dismissal," *id*. at 346–47 (Exhibit 34). The court also found that Blevins's claims were barred by res judicata because they were the same claims Blevins raised in his first habeas petition. *Id*.

Blevins did not file an appeal.

*Parole proceedings*

On July 15, 2019, the Ohio Adult Parole Authority granted Blevins's release to parole supervision effective August 15, 2019. Doc. 5-1, at 348 (Exhibit 35).

*2022 state habeas petition*

On June 24, 2022, Blevins filed in the Cuyahoga County Common Pleas Court another habeas corpus petition. Doc. 5-1, at 349 (Exhibit 36). Blevins again alleged that the State was holding him past his release date due to the State's failure to credit his time "in the federal penal system." *Id*. at 354. The

7

State filed a motion to dismiss, *id.* at 372 (Exhibit 37), and on July 13, 2022, the court denied Blevins's petition because Blevins was not "in custody," *id.* at 377 (Exhibit 38).

Blevins did not appeal.

*Federal habeas corpus petition*

On June 27, 2022, Blevins filed a federal habeas corpus petition under 28 U.S.C. § 2254. Doc. 1. He raised the following ground for relief:

> **Ground one**: My State of Ohio sentence expired in April of 2013.
>
> *Supporting facts*: State of Ohio prison sentence began on 02/23/1988 (EXHIBIT A) I was on sentence in 1989. (EXHIBIT B) On 06/08/1998 I was declared a parole violator (Exhibit C) On June 12, I was arrested by 2 field agents of the Ohio Adult Parole Authority. (EXHIBIT D) For the violation I was given 4 days loss time off the sentence. (EXHIBIT E) On June 30, 1999, the Ohio Adult Parole Authority mandated that I was a parole violator in custody (EXHIBIT F) "Officially" I was in "custody" the date (June 12, 1998) the date the field officers arrested me and the days loss time (sic) is legally accurate. But if one is to rely on the June 30, 1999 date the Adult Parole Authority mandated I was in custody: this is still only a loss of 1 year and days off the 25 year sentence. Giving me maximum expiration date of March of 2014.
> Based on a federal court decision that I am not allowed to cite at this time…the time I spent in the federal penal system for the crime that led to the Ohio parole violation. The time I spent in the federal pen system counted against the state sentence since: while all the time I was incarcerated in the federal penal system; the Ohio Adult Parole Authority had its detainer warrant lodged against me upon my release from the federal penal system; had its "Agent" pick me up on July 18, 2016 and returned to

8

>the State of Ohio penal system: where I remained
>until I was release on parole August 15, 2019.

Doc. 1, at 5–6. The respondent filed a Return of Writ, Doc. 6, Blevins filed a Traverse, Doc. 7, and the respondent filed a Reply, Doc. 8.[4]

**Law and Analysis**

    *1.    Blevins's Petition is time-barred*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, provides a one-year limitations period in a habeas action brought by a person in custody from a state court judgment. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

>(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] Blevins filed a sur-reply, Doc. 9; the respondent moved to strike Blevins's sur-reply, Doc. 10; and I granted the motion to strike because Blevins's sur-reply was improper. Doc. 11. Blevins then filed a response to the respondent's motion to strike. Doc. 12. Despite the improper nature of Blevins's filings, I have reviewed them on full petition review and nothing contained in these filings changes the result—Blevins's petition is time-barred.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The respondent asserts that section 2244(d)(1)(A) applies to Blevins's case and argues that the limitations period began to run in December 1992, when Blevins's case became final on direct review. Doc. 6, at 15. But because Blevins's conviction became final before the effective date of AEDPA, the limitations period for section 2244(d)(1)(A) purposes would have expired on April 24, 1997, one year after AEDPA's effective date. *See Brown v. Haviland*, 23 F. App'x 244, 245 (6th Cir. 2001) ("Because Brown's convictions became final before the effective date of the AEDPA, Brown had one year after the effective date in which to file his federal habeas petition"); *see also Williams v. Coyle*, 167 F.3d 1036, 1037–38 (6th Cir. 1999) (explaining that under *Lindh v. Murphy*, 521 U.S. 320 (1997), the amendments to 28 U.S.C. § 2254 applied "only when [a] case[] had been filed after the date of the Act").

Moreover, Blevins's sole ground for relief stems from Blevins having been "brought back to the Ohio penal system via the Ohio Adult Detainer Warrant from the Federal penal system on July 18, 2016." Doc. 1, at 3, 5–6. In other words, the factual basis for Blevins's habeas claim is Blevins's discovery in July 2016 that he still had time to serve on his Ohio sentence after being released from federal custody. This implicates section 2244(d)(1)(D), "the date

on which the factual predicate of the claim … could have been discovered through the exercise of due diligence."

Blevins doesn't address the respondent's statute of limitations argument. But by his own account, Blevins believed that his state sentence had expired in April 2013. Doc. 1, at 5. On July 18, 2016, he discovered that this was not the case when, upon the expiration of his federal custody, he was "returned" to Ohio to serve the remainder of his state sentence. *Id*. So Blevins knew or should have known on July 18, 2016, that he hadn't received state credit for the time he served in federal custody. The limitations period began to run the next day and expired a year later, on July 19, 2017. Under section 2244(d)(1)(D),[5] Blevins's June 2022 habeas petition is about five years late.

    2.    *Tolling principles do not excuse the time bar*

        2.1    *Statutory tolling*

The statute of limitations is tolled for any period in which a properly filed petition for post-conviction relief is pending before the state courts. 28 U.S.C. § 2244(d)(2); *see Wall v. Kholi*, 562 U.S. 545, 550–51 (2011). To toll the running of the statute of limitations, however, a post-conviction motion must be properly filed. A post-conviction application is not properly filed unless "'its delivery and acceptance [follow] the applicable laws and rules governing filings'—including any state-imposed time limits." *Davis v. Bradshaw*, 900

---

[5] Neither party makes an argument that another subsection of 28 U.S.C. § 2244(d)(1) applies to Blevins's case or asserts facts that would implicate another section.

F.3d 315, 323 (6th Cir. 2018). Under this "understanding, a [post-conviction] petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). Moreover, the statutory tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

Here, Blevins's one-year limitations period ran from July 19, 2016 until July 19, 2017. Blevins filed a state habeas petition on April 26, 2017, but the state courts rejected it as "defective on its face" because Blevins hadn't attached his commitment papers in violation of Ohio Revised Code 2725.04(D). *See* Doc. 5-1, at 213, 271. So Blevins's petition wasn't properly filed and doesn't toll the limitations period. *See Davis*, 900 F.3d at 323; *Pena v. Turner*, No. 3:16-cv-1023, 2017 WL 1100572, at *3 (N.D. Ohio Mar. 24, 2017) (state habeas petition dismissed by the state courts for failing to comply with the commitment-paper requirement of Ohio Revised Code § 2725.04(D) was not properly filed and had no tolling effect) (collecting cases). Blevins's 2018 state habeas petition doesn't toll the limitations period because the limitations period had already expired when he filed it. *See Vroman*, 346 F.3d at 602. And it, too, was rejected by the state court for non-compliance with Ohio Revised

12

Code § 2725.04(D). Doc. 5-1, at 346–47. So it wasn't properly filed and would not have tolled the limitations period even if it had been filed within the limitations period. And Blevins's third state habeas petition, filed three days before his federal habeas petition, was too late to toll the limitations period. *See Vroom*, 346 F.3d at 602.

### 2.2 Equitable tolling

Petitioners may also be entitled to "equitable tolling" when they have been "pursuing [their] rights diligently" and "some extraordinary circumstance" prevented them from timely filing their habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418). Petitioners bear the burden of "persuading the court" that they are entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Blevins hasn't offered any explanation relevant to equitable tolling in his petition or his traverse. *See* Docs. 1, 7. To the extent that he could argue that he was unaware of the one-year limitations period, such an argument would fail because "ignorance of the law, even for an incarcerated pro se petitioner, 'is not sufficient to warrant equitable tolling.'" *Harvey v. Jones*, 179 F. App'x 294, 299 (6th Cir. 2006) (quoting *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)).

Finally, a claim of "actual innocence" may overcome the one-year statute of limitations if the petitioner "demonstrates actual innocence so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 F. App'x 606, 609

13

(6th Cir. 2012) (citing *Murray v Carrier*, 477 U.S. 478, 495–96 (1986)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court underscored that "the miscarriage of justice exception ... applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schulp*, 513 U.S. at 329). The timing of an actual innocence claim can "seriously undermine the credibility" of the claim, if a petitioner presents it after a period of "[u]nexplained delay." *Id*. at 399–400.

Blevins hasn't alleged actual innocence, even if a claim of actual innocence could overcome the time-bar in a habeas case challenging a sentence. *See Gatewood v. United States*, 979 F.3d 391, 395 n.1 (6th Cir. 2020) ("it is an open question in this circuit whether actual innocence can excuse procedural default in a challenge to a noncapital sentence") (citing *Gibbs v. United States*, 655 F.3d 473, 477–78 (6th Cir. 2011)); *see Smith v. United States*, No. 23-5367, 2023 WL 7183130, at *1 (6th Cir. Sept. 12, 2023) (citing the actual-innocence-in-sentencing statement in *Gatewood* in a statute-of-limitations context).

14

**Conclusion**

For the reasons set forth above, I recommend that Blevins's Petition be dismissed as time-barred.

Dated: March 27, 2024

                                         */s/ James E. Grimes Jr.*
                                         James E. Grimes Jr.
                                         U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).